UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| NICHOLE MARIE BENNETT,<br><br>Plaintiff,<br><br>v.<br><br>NANCY A. BERRYHILL, Acting Commissioner of the Social Security Administration,<br><br>Defendant. | CASE NO. 3:17-CV-05548-JRC<br><br>ORDER ON PLAINTIFF'S COMPLAINT |

This Court has jurisdiction pursuant to 28 U.S.C. § 636(c), Fed. R. Civ. P. 73 and Local Magistrate Judge Rule MJR 13 (*see also* Consent to Proceed Before a United States Magistrate Judge, Dkt. 4). This matter has been fully briefed. *See* Dkt. 11, 19, 21.

After considering and reviewing the record, the Court concludes that the ALJ erred by failing to discuss all of the medical opinions from the state agency consulting doctor, such as the opinion that plaintiff only could engage in superficial interaction with

supervisors. *See* AR. 31. Fully crediting this opinion could lead to a finding of disability as it is unclear the exact amount of interaction with supervisors that is required for the three positions the ALJ found that plaintiff could perform. It is unclear if the amount of interaction with supervisors required is more than superficial.

Therefore, for the reasons stated herein and based on the record as a whole, the Court concludes that this matter is reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g) to the Acting Commissioner for further consideration.

## BACKGROUND

Plaintiff, NICHOLE MARIE BENNETT, was born in 1989 and was 24 years old on the amended alleged date of disability onset of December 20, 2013. *See* AR. 43, 182-87. Plaintiff attended high school until the eleventh grade and obtained her GED two years later. AR. 45. She has no work history. AR. 45-46

According to the ALJ, plaintiff has at least the severe impairments of "Chiari malformation with headaches, scoliosis, and affective disorder (20 CFR 416.920(c))." AR. 25. At the time of the hearing, plaintiff was living in a house with her three children. AR. 57-59.

## PROCEDURAL HISTORY

Plaintiff's application for Supplemental Security Income ("SSI") benefits pursuant to 42 U.S.C. § 1382(a) (Title XVI) of the Social Security Act was denied initially and following reconsideration. *See* AR. 90-97, 99-110. Plaintiff's requested hearing was held before Administrative Law Judge Kelly Wilson ("the ALJ") on June 26, 2015. *See* AR.

39-79. On December 31, 2015, the ALJ issued a written decision in which she concluded that plaintiff was not disabled pursuant to the Social Security Act. *See* AR. 20-38.

In plaintiff's Opening Brief, plaintiff raises the following issues: The ALJ erred in (1) failing to include in his residual functional capacity finding, all of the limitations assessed by Gary L. Nelson, PhD.; (2) rejecting the opinion of W. Daniel Davenport, MD; and (3) rejecting plaintiff's testimony. *See* Dkt. 11, pp. 1-2.

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (*citing Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

## DISCUSSION

**(1) The ALJ erred in failing to include in her residual functional capacity finding all of the limitations assessed by Dr. Gary L. Nelson, PhD.**

Plaintiff contends that the ALJ erred in failing to include in her residual functional capacity ("RFC") finding all of the limitations assessed by Dr. Gary. L. Nelson, Ph.D. *See* Dkt. 11, pp. 3-4. Defendant contends that there is no error as the RFC is consistent with Dr. Nelson's opinion. *See* Dkt. 19, pp. 3-5.

Dr. Nelson reviewed plaintiff's medical record and provided an opinion for the Washington state agency, Disability Determination Services ("DDS"). AR. 99-110.

Among other opinions, he opined that plaintiff only was capable of "superficial interaction with coworkers and supervisors . . . ." *See* AR. 108.

The ALJ gave "some weight" to the July 14, 2014 psychiatric review technique and mental assessment from DDS psychologist consultant Gary Nelson, PhD." AR. 31 (citing AR. 99-110). The ALJ failed to note the specific opinion from Dr. Nelson regarding that plaintiff only is capable of "superficial interaction with [][] supervisors . . . ." *See* AR. 31, 108.

According to Social Security Ruling 96-6p, state agency medical consultants, while not examining doctors, "are highly qualified physicians and psychologists who are experts in the evaluation of the medical issues in disability claims under the Act." SSR 96-6p, 1996 LEXIS 3 at *4. Therefore, regarding state agency medical consultants, the ALJ is "required to consider as opinion evidence" their findings, and also is "required to explain in [her] decision the weight given to such opinions." *Sawyer v. Astrue*, 303 Fed. Appx. 453, *455, 2008 U.S. App. LEXIS 27247 at **2-**3 (9th Cir. 2008) (citing 20 C.F.R. § 416.927(f)(2)(i)-(ii); SSR 96-6p, 1996 SSR LEXIS 3, *5) (memorandum opinion) (unpublished opinion[1]). According to Social Security Ruling (hereinafter "SSR") 96-6p, "[a]dministrative law judges . . . . may not ignore the[] opinions [of state agency medical and psychological consultants] and must explain the weight given to the opinions in their decisions." SSR 96-6p, 1996 SSR LEXIS 3, 1996 WL 374180 at *2. This ruling also provides that "the administrative law judge or Appeals Council must

---

[1] This unpublished decision is citable under Rule 32**.**1 of the Federal Rules of Appellate Procedure. *See also* 9th Cir. R. 36–3(b).

consider and evaluate any assessment of the individual's RFC by State agency medical or psychological consultants," and said assessments "are to be considered and addressed in the decision." *Id.* at *10.

Here, the ALJ erred by failing to mention the specific opinion from the state agency doctor, Dr. Nelson, regarding limitation to superficial interaction with supervisors. *See* AR. 108.

Defendant's argument that the ALJ's RFC is consistent with this opinion suggests a position that the error is harmless. However, not only did the ALJ fail to mention the opinion of Dr. Nelson regarding limitation to superficial interaction with supervisors, but also, the ALJ failed to include any limitation on plaintiff's ability to interact with supervisors in the RFC. *See* AR. 27.

The Ninth Circuit has "recognized that harmless error principles apply in the Social Security Act context." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (citing *Stout v. Commissioner*, *Social Security Administration*, 454 F.3d 1050, 1054 (9th Cir. 2006) (collecting cases)). The Ninth Circuit has reaffirmed the explanation in *Stout* that "ALJ errors in social security are harmless if they are 'inconsequential to the ultimate nondisability determination' and that 'a reviewing court cannot consider [an] error harmless unless it can confidently conclude that no reasonable ALJ, when fully crediting the testimony, could have reached a different disability determination.'" *Marsh v. Colvin*, 792 F.3d 1170, 1173 (9th Cir. 2015) (citing *Stout,* 454 F.3d at 1055-56). In *Marsh,* even though "the district court gave persuasive reasons to determine harmlessness," the Ninth Circuit reversed and remanded for further administrative proceedings, noting that "the

decision on disability rests with the ALJ and the Commissioner of the Social Security Administration in the first instance, not with a district court." *Id.* (citing 20 C.F.R. § 404.1527(d)(1)-(3)).

Here, defendant contends that the jobs which the ALJ found that plaintiff could perform "do not require significant interaction with people." Dkt. 19, p. 5. However, Dr. Nelson did not opine that plaintiff could perform jobs as long as the interaction with supervisors is not significant, he opined that plaintiff can interact with them superficially. Saying that the jobs which the ALJ found that plaintiff could perform "do not require significant interaction with people," is not the same as saying that one who only can perform superficial interaction with supervisors can perform these jobs. Dkt. 19, p. 5. Making such a determination is for the ALJ, with the assistance of someone with expertise in translating specific limitations and abilities into specific occupations, (*i.e.*, the vocational expert, ("VE")). As noted by the ALJ, in order "to determine the extent to which [plaintiff's] limitations erode the unskilled light occupational base, I asked the vocational expert whether jobs exist in the national economy for an individual with the claimant's age, education, work experience, and residual functional capacity ['RFC']." AR. 32. Making this dispositive determination is best left to the ALJ, with the assistance of a VE.

For this reason, and because the ALJ did not even mention this particular opined limitation, the Court cannot conclude with confidence "'that no reasonable ALJ, when fully crediting [Dr. Nelson's opinion], could have reached a different disability determination.'" *See Marsh*, 792 F.3d at 1173 (citing *Stout,* 454 F.3d at 1055-56).

Therefore, the error is not harmless.

Further administrative proceedings would serve a useful purpose as it is not clear from the record that plaintiff is indeed disabled. *See Harman, supra,* 211 F.3d at 1178 (quoting *Smolen*, *supra*, 80 F.3d at 1292) (remand with a direction to award benefits is not appropriate if it is not clear from the record that the ALJ would be required to find plaintiff disabled were the inappropriately discredited evidence credited in full). The ability of plaintiff to interact with supervisors requires further development, as the ALJ did not discuss this specific opined limitation. Thus, it is not clear that crediting in full all of the limitations opined by Dr. Nelson necessarily leads to a determination of disability.

**(2)  Whether the ALJ erred in rejecting plaintiff's testimony.**

The Court already has concluded that the ALJ erred in reviewing the medical evidence and that this matter should be reversed and remanded for further consideration, *see supra*, section 1. In addition, the evaluation of a claimant's statements regarding limitations relies in part on the assessment of the medical evidence. *See* 20 C.F.R. § 404.1529(c); SSR 16-3p, 2016 SSR LEXIS 4. Therefore, plaintiff's testimony and statements should be assessed anew following remand of this matter.

CONCLUSION

Based on the stated reasons and the relevant record, the Court **ORDERS** that this matter be **REVERSED** and **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g) to the Acting Commissioner for further consideration consistent with this order.

**JUDGMENT** should be for **plaintiff** and the case should be closed.

Dated this 3rd day of April, 2018.

                                                      J. Richard Creatura
                                                      United States Magistrate Judge